UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-24058

TYRONE STERLING,

    Plaintiff,

vs.

SOUTHBOUND HOSPITALITY, LLC, and
SUSAN BUCKLEY,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Tyrone Sterling, sues Defendants, Southbound Hospitality, LLC and Susan Buckley, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Tyrone Sterling**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Southbound Hospitality, LLC ("Southbound"),** is a *sui juris* Florida for-profit limited liability corporation that conducted its restaurant business in Miami-Dade County, Florida, at all times material, where it maintained its principal place of business. Southbound operates the restaurant known as "Three", a fictitious name it registered with the

State of Florida.

6. **Defendant, Susan Buckley,** was at all times material an owner/officer/director of Southbound, for the time period relevant to this lawsuit. She ran Southbound's day-to-day operations, supervised Plaintiff, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

9. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

10. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

11. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

12. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

13. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, seafood, beverages, beers, wines, and/or alcoholic beverages, and products that have moved through interstate commerce.

14. Defendants cooked, prepared, and stored perishables and sold beer, wine, and/or alcoholic beverages, while using machinery, appliances, ovens, refrigerators, and materials that also have moved through interstate commerce.

15. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

16. Defendants also engage in e-commerce through the internet on their website, registered through Google LLC (a foreign corporation) utilizing ChowNow (a foreign corporation).

17. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked.

18. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

19. Plaintiff worked for Defendants from October 2017 to the present.

20. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his performing maintenance work,

purchasing repair supplies, and performing other work for Defendants.

21. During this time, Plaintiffs regularly and routinely utilized cellular telephones, roofing items, and other goods and supplies that moved through interstate commerce.

22. Plaintiff also would regularly and routinely used Defendants' business credit card (American Express) provided to him in order to pay for the items that he needed in order to make repairs to Defendants' restaurant.

23. Plaintiff worked for Defendants from about October 2017 to the present. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

24. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

### *Liability*

25. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular rate(s) of pay for all of the hours that he worked over 40 hours in a given workweek.

26. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period by misclassifying Plaintiff as an exempt employee and by not paying him time and one-half for all hours worked beyond 40 in a workweek.

27. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours in excess of 40 that he worked each week during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or

4

Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

28. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Tyrone Sterling, demands the entry of a judgment in his favor and against Defendants, Southbound Hospitality, LLC and Susan Buckley, jointly and severally after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Tyrone Sterling, demands a trial by jury of all issues so triable.

Respectfully submitted this 5th day of October 2020,

                                                 s/Brian H. Pollock, Esq.
                                                 Brian H. Pollock, Esq. (174742)
                                                 brian@fairlawattorney.com
                                                 FAIRLAW FIRM
                                                 7300 North Kendall Drive
                                                 Suite 450
                                                 Miami, FL 33156
                                                 Tel:    305.230.4884
                                                 *Counsel for Plaintiff*